IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,799






EX PARTE BEN HENRY KINCAID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR98-233 IN THE 4TH JUDICIAL DISTRICT COURT


FROM RUSK COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen (15) years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Kincaid v. State, No. AP-06-99-00179-CR (Tex. App.- Texarkana, 2000, no pet.) (not
designated for publication.) 

 Applicant contends inter alia that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and that he
had a right to file a petition for discretionary review, pro se. We remanded this application to the
trial court for findings of fact and conclusions of law.

 The trial judge held a habeas hearing on September 11, 2007. The trial judge entered
findings of fact based on Applicant's testimony and counsel's testimony at the habeas hearing. The
trial judge found that Applicant did not receive timely notice that his conviction had been affirmed
or that he had a right to further appeal, pro se. On the basis of these findings, it is appropriate to
grant relief. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). 

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Sixth Court of Appeals in Cause No. AP-06-99-00179-CR that affirmed his conviction in Case No. CR98-233 from the Fourth Judicial District
Court of Rusk County. Applicant shall file his petition for discretionary review with the Sixth Court
of Appeals within 30 days of the date on which this Court's mandate issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: November 21, 2007

Do not publish